# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL D LAMARCH,

        Plaintiff,

v.                                      Case No. 12-C-507

UNITED STATES OF AMERICA,

        Defendant.

## ORDER

On October 15, 2008, Daniel LaMarch plead guilty to an information charging wire fraud and two counts of an indictment: Count Six charging him with failure to account and pay over payroll taxes, and Count Seventeen charging him with filing a false return. On January 14, 2009, the Court calculated the defendant's guideline ranges between 63 and 78 months, and imposed a sentence of 72 months in the custody of the bureau of prisons. LaMarch has now filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. LaMarch claims here that local FBI and IRS agents in his case failed to investigate his allegations of mortgage fraud, and that as a result he was unable to provide substantial assistance to the Government and therefore did not receive a reduction in his sentence that otherwise may have occurred. This is insufficient to state a claim that would be cognizable under § 2255. The plea agreement LaMarch signed specifically stated:

> The parties acknowledge, understand, and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, only the government, in its discretion, may move for and recommend a downward departure from the applicable sentencing guidelines range".

ECF No. 15 ¶ 33.

"A defendant has no constitutionally protected right to a downward departure based on alleged substantial assistance to the government." *United States v. Kelly*, 14 F3d. 1169, 1177 (7th Cir. 1994). LaMarch's primary complaint seems directed at the IRS and FBI agents who failed to undertake the investigation. It is up to the executive branch to determine how they use scarce resources for investigating crime. Plaintiff is not entitled to relief simply because he believes that the agent should have investigated his allegations. Since that is the only claim he asserts in his petition, I conclude that the petition on its face indicates he is not entitled to relief on that basis. The petition will be denied and the action dismissed. The clerk is directed to enter judgment forthwith.

Dated this   22nd   day of May, 2012.

                            s/ William C. Griesbach
                            William C. Griesbach
                            United States District Judge